HENRY SELSOR v. STATE.

No. A-9039.   March 6, 1936.
(55 Pac. [2d] 789.)

Ed Crossland, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smih C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error, Henry Selsor, was convicted in the district court of Tulsa county, upon an information in substance charging that in said county, on the 20th day of March, 1935, he with intent to defraud the Tulsa Boiler & Machine Company, a corporation, did then and there unlawfully, fraudulently, designedly, and feloniously forge and counterfeit the name of G. H. Knight, treasurer, and Charles Flint to a check in the amount of $25.80, with the fraudulent and felonious intent to cheat and defraud the aforesaid corporation and the First National Bank & Trust Company and Julius Jacobson out of the said sum.

Upon the trial the jury returned their verdict finding him guilty of second degree forgery as charged in the information and assessing his punishment at imprisonment in the state penitentiary for a term of five years. A new trial was denied.

From the judgment rendered in pursuance of the verdict on the 12th of August, 1935, he appeals.

The errors assigned are that the court erred in its rulings on the admission of testimony; that the verdict and judgment are contrary to law and the evidence; that the court erred in overruling the defendant's motion for a new trial; and that the punishment imposed is excessive.

The state relied for this conviction upon the testimony of six witnesses. Their testimony tends to sustain every essential ingredient of the crime charged. There were no witnesses sworn or testimony offered on behalf of the defendant.

18

Upon the record before us the case was one for the consideration of the jury. The trial was in all respects fair, and we are unable to find anything in the record to warrant us in interfering with the conviction.

It is evident that the only object of this appeal is to secure a modification of the judgment and punishment imposed in accordance with the verdict of the jury.

By failing to offer any testimony when it was in his power to do so in mitigation, the defendant cannot be heard to complain of the punishment assessed by the jury within the limits of the law.

It appearing that the jury were in no way influenced by passion or prejudice leaves no ground whatever for the exercise by this court of the power granted by section 3204, St. 1931; therefore this court declines to modify the judgment and sentence herein.

No reversible error is presented by the appeal; the judgment must be affirmed. It is so ordered.

EDWARDS, P. J., and DAVENPORT, J., concur.